EDWARD BLAU, appellant,

*v.*

PUBLIC SERVICE TIRE AND RUBBER COMPANY· et al.,
respondents.

[Decided February 6th, 1919.]

On appeal from a decree of the court of chancery advised by
Vice-Chancellor Stevens, who filed the following opinion:

"This is a suit to rescind a release given by complainant to the
defendant company. The relief is prayed in aid of an action
at law.

"The officers of the company, so the bill charges, agreed to and
with complainant that if he would procure a person who was
ready, willing and able to invest approximately $50,000 as addi-
tional capital, the company would pay him $5,000 for his ser-
vices, he immediately to subscribe this sum to. the company's
stock.

"It is said that one Kritzman was, through the efforts of com-
plainant, ready and willing to make the investment. It is ad-
mitted that he did not do so, but, on the contrary, invested the
money in a New York corporation, which he organized under a
similar name, and it is said that he was instigated thereto by
the. Eisenbergs, who were the defendant's sole stockholders, with
a view to cheating complainant out of his commissions.

"Whether the company could be held responsible for the alleged ·
fraud of the Eisenbergs I shall not consider. It being admitted
that Kritzman declined to invest his money in the company's ·
stock, the right to the commission did not arise unless the com-
pany as such made itself liable in some other way.

"The correspondence shows that in an early stage of the nego-
tiations, conducted through November, 1916, there arose, for

some reason or other, a disagreement between Wallant, Kritz-man's agent, and the Eisenbergs. Kritzman may have been averse to putting his money into the New Jersey company, be-cause, being resident in New York, he, for some reason or other, preferred a New York corporation, or because he did not care, directly or indirectly, to contribute toward Blau's' commission, as he would have done whether that commission took the form of money paid out of the company's treasury or whether it took the form of a stock issue. If I assume that Kritzman's sole objec-tion was the commission, that would not help complainant. He was free to decline on that or any other ground. The argu-ment is that the Eisenbergs repented of their agreement to pay the commission and persuaded Kritzman to organize a similar corporation in New York. But there is not a particle of evi-dence that they did so. Neither Kritzman nor Wallant were sworn, and the Eisenbergs deny it. Appeal is made to the se-quence of events. This is persuasive on the point that the Eisen-bergs were disingenuous, in that they did not inform complain-ant of what was going on, but it does not prove that Kritzman was willing to invest in the New Jersey company and that he was dissuaded from so doing by the Eisenbergs. The letters that passed between the parties, beginning with complainant's letter of November 8th, show that even at that stage of the nego-tiations the formation of a New York company was in con-templation.

· "On November 18th, the day when the New York company was incorporated, Henry Eisenberg, without referring to what was being done, if he knew, wrote that all negotiations with refer-ence to interesting capital in the New Jersey company were at an end. Thereupon complainant, on November 20th, sent in a bill for $250 for his services. He accepted in lieu of that sum $100 in cash and two tires, and signed the release.

"The rule is that 'a court of equity will rescind a transaction entered into upon the faith of a material representation false, in fact, if the person to whom it was made relied upon it and in consequence suffered injury.' *Eibel* v. *Von Fell, 55 N. J. Eq. 670.* Blau says that the Eisenbergs stated in conversation that

they wanted nothing to do with Wallant and had a relative who would lend them a smaller sum of money. The Eisenbergs deny making such a statement. If they made it, it would not alter the fact that the commission had not been earned, and it would not make the service, for which Blau was paid, more valuable. As the false statement must result in injury in order to be the ground of rescission, complainant is not entitled to relief. He does not show that if made it injured him. If there had been conflicting evidence on the question whether Kritzman was ready and willing to invest, the case would have been somewhat different. The question would have arisen whether this court should pass upon the evidence, or whether it should put the case in shape for a jury to pass upon it."

*Messrs. Stein, Stein & Hannoch,* for the appellant.

*Messrs. Riker & Riker,* for the respondents.

Per Curiam.

The decree appealed from will be affirmed, for the reasons stated in the opinion filed in the court below by Vice-Chancellor Stevens.

*For affirmance*—The Chief-Justice, Swayze, Trenchard, Parker, Bergen, Minturn, Kalisch, Black, Williams, Gardner—10.

*For reversal*—None.